IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

MICHELLE RENEE CLENNEY,
    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

Case No. 4:14-cv-04051-JEH

**Order**

    Now before the Court is the Plaintiff's Motion for EAJA Fees (Doc. 21). The Commissioner filed a Response (Doc. 22) in which the Commissioner states she does not oppose the Plaintiff's Motion, but requests that the Court specify that the EAJA fees belong to the Plaintiff and not her attorney. For the reasons set forth below, the Motion is GRANTED.

**I**

    On April 7, 2015, the Court granted the parties' Joint Motion for Remand (Doc. 18) and remanded this case to the Commissioner for a new hearing pursuant to the fourth sentence of 42 USC § 405(g). The Plaintiff now seeks attorney fees as the "prevailing party" pursuant to 28 USC § 2412(d)(1)(B) in the amount of $2,995.13.

**II**

28 USC § 2412(d)(1)(B) provides:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at

which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 USC § 2412(d)(2)(A) provides, in relevant part, that "fees and other expenses" in Section 2412(d)(1)(B) include:

> [R]easonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, the Plaintiff argues that the actions of the United States in denying her claim have been unjustified in both fact and law. Because the Commissioner does not oppose the Plaintiff's Motion, the Commissioner concedes that the Government's position was not substantially justified.[1]

Next, the Plaintiff seeks an attorney fee award of $183.75 per hour, in excess of the $125 per hour rate set forth in Section 2412(d)(2)(A), based upon the increased cost of living. The Court has considered the increased cost of living as detailed in the Plaintiff's Memorandum in Support of Motion for EAJA Fees, with Supporting Itemization (Doc. 21-2) and the Itemization of Hours (Doc. 21-3), and finds that the 16.3 hours claimed this case at a rate of $183.75 per hour is reasonable. Accordingly, the Court finds that the proper award of fees in this matter is $2,995.13.

---

[1] The Court notes that the Plaintiff's Motion for EAJA Fees was filed on June 28, 2015. Judgment was entered in this case on April 7, 2015. Thus, the Plaintiff did not file her Motion for EAJA Fees "within thirty days of final judgment in the action." See 28 USC § 2412(d)(1)(B). However, the Commissioner makes no argument in this regard, and instead does not oppose the Motion as noted above. The Commissioner has therefore waived any argument that the Motion is untimely.

Finally, the Plaintiff requests that the EAJA fees be made payable to the Plaintiff's attorney pursuant to the assignment attached to the Motion (Doc. 21-1). The EAJA fees belong to the Plaintiff and not her attorney. See *Astrue v Ratliff*, 560 US 586, 589 (2010) ("We hold that a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States"). Only if the parties can verify that there is no pre-existing debt to offset that the Plaintiff owes the United States, the attorney fees awarded in this Order shall be paid directly to the Plaintiff's counsel. Id. If the Plaintiff *does* have pre-existing debts owed to the United States, her EAJA attorney fee award is subject to a Government offset to satisfy the pre-existing debts. Id.

### III

For the reasons set forth above, the Plaintiff's Motion for EAJA Fees is GRANTED (Doc. 21), and the Plaintiff is awarded fees under Section 2412 of the EAJA in the amount of $2,995.13 in attorney fees payable directly to her counsel *only if* there are no pre-existing debts that the Plaintiff owes the United States. If the Plaintiff does have pre-existing debts owed to the United States, her EAJA attorney fee award is subject to a Government offset to satisfy the pre-existing debts.

*It is so ordered.*

Entered on July 21, 2015.

s/Jonathan E. Hawley<br>
U.S. MAGISTRATE JUDGE